UNITED STATES of America, Plaintiff,

v.

WESTERN ELECTRIC COMPANY, INC., et al., Defendants.

Civ. A. No. 82–0192 (HHG).

United States District Court, District of Columbia.

July 5, 1990.

See also 131 F.R.D. 647.

Sr. Vice President and Gen. Counsel, MCI Communications Corp., Washington, D.C., for MCI.

Barry Grossman, Chief, Donald J. Russell, Asst. Chief, Communications and Finance Section, U.S. Dept. of Justice, Washington, D.C., for plaintiff.

John D. Zeglis, Francine J. Berry, Mark C. Rosenblum, Basking Ridge, N.J., Howard Trienens, David W. Carpenter, Chicago, Ill., Robert D. McLean, Washington, D.C. (Sidley & Austin, of counsel), for AT & T.

Thomas P. Hester, Lawrence E. Strickling, Ameritech, Chicago, Ill., A. Winchell Whittacker, Kirkland & Ellis, Washington, D.C., for Ameritech.

James R. Young, John M. Goodman, Joseph E. Murphy, Washington, D.C. (Robert A. Levetown, of counsel), for Bell Atlantic.

Walter H. Alford, Mark D. Hallenbeck, Atlanta, Ga., Abbott B. Lipsky, Jr., King & Spalding, Washington, D.C., for BellSouth.

Raymond F. Burke, Gerald E. Murray, John P. Walsh, White Plains, N.Y., for NYNEX.

Stanley J. Moore, Washington, D.C., Richard W. Odgers, Margaret deB. Brown, Randall E. Cape, San Francisco, Cal., for Pacific Telesis.

Martin E. Grambow, Washington, D.C., James D. Ellis, Liam S. Coonan, Paul G. Lane, St. Louis, Mo., for Southwestern Bell.

Jeffrey S. Bork, Washington, D.C., Stuart S. Gunckel, David S. Sather, Denver, Colo., for US West.

Sue D. Blumenfeld, John L. McGrew, Willkie Farr & Gallagher, Washington, D.C. (Paul H. Vishny, D'Ancona & Pflaum, Chicago, Ill., of counsel), for Telecommunications Industry Ass'n.

Albert H. Kramer, Robert F. Aldrich, Wood, Lucksinger & Epstein, Washington, D.C., for North American Telecommunications Ass'n.

Chester T. Kamin, Thomas S. Martin, Michael H. Salsbury, Anthony C. Epstein, Jenner & Block, and John R. Worthington,

## MEMORANDUM

HAROLD H. GREENE, District Judge.

AT & T has moved to require a Regional Company which intends to acquire a conditional interest in an entity that is engaged in activities prohibited by Section II(D) of the decree to give interested parties advance notice of the proposed acquisition in order to provide an opportunity for a challenge thereto. The Regional Companies and the Department of Justice oppose the motion, and several industry associations support it.

On August 7, 1986, recognizing that some conditional interest acquisitions would violate Section II(D) by giving the Regional Company the substantial ability to impede competition in an access-dependent business, the Court ordered that such interests could not be acquired without the prior approval of the Department of Justice and a report to the Court. On January 16, 1990, the Court of Appeals reversed, holding that the prior approval requirement was not authorized by the decree. *United States v. Western Electric Co.,* 894 F.2d 430 (D.C.Cir.1990). It is in the wake of that decision that AT & T filed its current motion.

AT & T relies upon language in the Court of Appeals opinion which in a footnote distinguishes between a requirement for prior approval of Regional Company conditional interest transactions and a requirement that the Department of Justice merely be notified of such transactions. 894 F.2d at 436 n. 10. Although in view of that footnote, AT & T's reasoning is not as ill-supported by the Court of Appeals' language as the Department and the Regional Companies suggest, this Court has decided that it comports better with the overall reasoning of the appellate court not to require the Regional Companies to provide notification of their conditional interest acquisitions. The Court of Appeals essentially held that, since some acquisitions are permitted by the decree in the *AT & T* case while others are not, it would be an imper-

missible modification of that decree to require the Regional Companies to submit all of them for approval, as distinguished only from those which are identified as prohibited by the decree. While it is possible to distinguish between approval and notification on the basis of the footnote language referred to above as well as otherwise, this Court will not do so.

Much as it regrets the Court of Appeals technical construction which leaves no room for the practicalities of enforcement [1] of a decree of wide application and importance, this Court is of course bound by that construction. Moreover, the Court would not be justified in seeking to escape the limitation fashioned by the appellate decision by adopting an interpretation that, while not directly excluded by that decision, is at odds with its dominant purpose. For these reasons, the AT & T motion will be denied.

It is clear, however, and recognized by all, including the Court of Appeals and apparently the Department of Justice, that some, or many, conditional transactions that Regional Companies might participate in, will be prohibited by the "affiliated enterprise" provision of the decree.[2] Since the appellate decision has made it impossible to enforce that provision by identification of such transactions in advance, the provision can be enforced only by contempt of court proceedings once the contours of the transaction come to the Court's attention.[3] The Court will, of course, not hesitate to enforce the decree in this manner, and it expects the Department of Justice to bring appropriate enforcement actions as such violations come to its attention.[4]

---

**1.** Since it was the very purpose of the requirement imposed by this Court on August 7, 1986 to permit the identification of those transactions that were not permitted under the decree, the elimination of that requirement renders it impossible to devise a system which will separate out the forbidden from the permitted before there has been an actual violation.

**2.** *See* Section II(D) of the decree providing that Regional Companies may not engage in certain

lines of business, "directly or through any affiliated enterprise."

**3.** The alternative of a voluntary Regional Company request for a declaratory judgment obviously remains available.

**4.** Other interested parties which become aware of apparent violations may likewise initiate appropriate enforcement proceedings.